**99-3257** CIV-HOEVELER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                              Plaintiff,

          - against -

ROBERTO DURAN SAMANIEGO,
LUIS GONZALEZ-BAEZ,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

MAGISTRATE JUDGE

DUBÉ

COMPLAINT

98-CV-

AZRACK, M.

     Plaintiff, United States of America, by its attorney,
ZACHARY W. CARTER, United States Attorney for the Eastern
District of New York, I. Charles McCullough, Special Assistant
United States Attorney, of counsel, alleges upon information and
belief as follows:

                    Jurisdiction and Venue

     1.  This is an interpleader action in which the value of the
property held by plaintiff exceeds $500.  This Court has
jurisdiction over this claim pursuant to 28 U.S.C. §§ 1335 and
1345, and Federal Rule of Civil Procedure 22.

     2.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2)
because the property that is the subject of this action is
situated within this district.

                       The Parties

     3.  Defendant Roberto Duran Samaniego ("Duran") is an
individual residing at El Cangrejo 33, Calle F, Panama City,
Panama.

4.   Defendant Luis Gonzalez-Baez ("Gonzalez-Baez") is an individual residing at 11237 Northwest First Street, Miami, Florida, 33172.

## Interpleader Claim

5.   In or about September 1993, Duran filed a criminal complaint in the country of Panama alleging the theft of five World Boxing Championship belts ("the belts") from his residence located at El Cangrejo 33, Calle F, Panama City, Panama.

6.   On or about November 14, 1995, a cooperative witness of the New York Division of the Federal Bureau of Investigation ("FBI"), acting at the direction of the FBI, purchased the belts from Gonzalez-Baez for $200,000 cash.

7.   The transaction between Gonzalez-Baez and the FBI occurred in the Eastern District of New York, and Gonzalez-Baez was arrested by the FBI immediately thereafter.

8.   The arrest of Gonzalez-Baez was pursuant to a federal arrest warrant, M-95-1883, issued in the Eastern District of New York, on November 13, 1995.

9.   The arrest warrant charged Gonzalez-Baez, and others, with conspiring to transport the belts in interstate commerce, in violation of 18 U.S.C. §§ 2314 and 2.

10.   At the time of his arrest, and on one occasion about six months after his arrest, Gonzalez-Baez was interviewed by the FBI and disputed the contention that the belts were stolen.

11.   During the interviews of Gonzalez-Baez, Gonzalez-Baez claimed ownership of the belts by virtue of prior associations with Duran, Duran's wife, Felicidad Iglesias Duran, Duran's

brother-in-law, Bolivar Iglesias Cabal, and Jose Marina.

12.   In or about September 1996, the United States
Attorney's Office for the Eastern District of New York declined
prosecution of Gonzalez-Baez.

13.   In or about March, 1997, the New York Division of the
FBI received correspondence from Gonzalez-Baez's legal counsel,
Jesus Novo III , Esq., 1110 Brickell Avenue, Suite 407, Miami,
Florida 33131.  In this letter, Mr. Novo asserts Luis Gonzalez-
Baez's claim of ownership of the belts.

14.   Upon information and belief, Duran maintains his
position that the belts were stolen from his residence in 1993,
and that he never knowingly and intentionally conveyed title to
the belts to any other individual.

15.   The belts remain in the custody of the United States,
and are presently in FBI bulky storage.

16.   The United States may be exposed to multiple liability,
because of defendants' adverse claims of ownership to the belts.

17.   The United States has no beneficial interest in the
belts.

WHEREFORE, the United States demands judgment:

a.   ordering defendants to interplead their respective
claims to the belts;

b.   declaring which defendant is entitled to the belts.

c.   restraining each defendant, pursuant to 28 U.S.C.
§ 2361, from instituting any action against the United States for
the recovery of the belts.

d.   relieving and discharging the United States, its

departments, bureaus, commissions, and other subdivisions, and
its agents, servants, officers, and employees, individually and
in their official capacities, pursuant to 28 U.S.C. § 2361, from
liability with respect to the belts;

    e.  granting the United States its costs, disbursements, and
attorney's fees in this action, and such other relief as the
Court deems just and proper.

Dated:  Brooklyn, New York
        January 6, 1999

                    ZACHARY W. CARTER
                    United States Attorney for the
                    Eastern District of New York
                    Attorney for Plaintiff

By: _____
        I. CHARLES MCCULLOUGH (ICM 3307)
        Special Assistant
        United States Attorney
        One Pierrepont Plaza, 14th Fl.
        Brooklyn, New York 11201

CV 99-102

*Trager, J.*

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

TRACER, J.

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

United States of America

**FILED**

## DEFENDANTS

Luis Gonzalez-Baez,  **TRACK, M.**
Roberto Duran Samaniego

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ZACHARY W. CARTER, UNITED STATES ATTORNEY
E.D.N.Y., SAUSA I. Charles McCullough
One Pierrepont Plaza, 14th Floor
Brooklyn, New York 11201

ATTORNEYS (IF KNOWN)

Jesus Novo III, Esq.  (Baez)
Antonio Gonzalez, Esq.  (Duran)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | PERSONAL INJURY | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury — Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | FEDERAL TAX SUITS | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Section 1335; 28 U.S.C. Section 2361 - INTERPLEADER

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE   1/6/99

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*  (ICM 3307)

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

## ARBITRATION CERTIFICATION

I,_____, counsel for _____
_____ do hereby certify pursuant to the Local Arbitration Rule Section 3(c), that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $100,000 exclusive of interest and costs.

_____X_____ Relief other than monetary damages is sought.

---

## DISCLOSURE OF INTERESTED PARTIES - LOCAL RULE 9

Identify any corporate parents, subsidiaries or affiliates of named corporate parties:

---

Did the cause arise in Nassau or Suffolk County?_____ ( No )

If you answered yes, please indicate which county _____

County of residence of plaintiff(s)       (1) _____
                                          (2) _____
                                          (3) _____

County of residence of defendant(s)   (1) Gonzalez-Baez:  Miami, Fla.
                                       (2) Duran:  Dominican Republic
                                       (3) _____

---

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

Yes___X_____                                No_____

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

Yes_____ (If yes, please explain)          No___X_____

_____

_____

_____

Please provide your E-MAIL Address and bar code below. Your bar code consist of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court.
**(This information must be provided pursuant to local rule 11.1(b) of the civil rules) ATTORNEY BAR CODE: ICM 3307**

**E-MAIL ADDRESS**_____

UNITED STATES DISTRICT COURT U.S. Courthouse,
225 Cadman Plaza East, **EASTERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

Plaintiff,

- against -

ROBERTO DURAN SAMANIEGO,
LUIS GONZALEZ-BAEZ,

Defendants.

---

COMPLAINT

---

ZACHARY W. CARTER

United States Attorney,
Attorney for Plaintiff
Office and Post Office Address,
United States Courthouse
One Pierrepont Plaza
Brooklyn, New York 11201

Due service of a copy of the within
_____ is hereby admitted.

Dated: _____, 19 ___

_____
Attorney for

_____

---

I, Charles McCullough, SAUSA
(718) 254-6069

---

**UNITED STATES
DISTRICT COURT**
Eastern District of New York

Civil   Action        No. CV-98-

**SIR:**

**PLEASE TAKE NOTICE** that the within will be
presented for settlement and signature to the Clerk
of the United States District Court in his office at the

Dated: Brooklyn New York.

_____, 19 ___

Brooklyn, New York, on the _____ day of ____,
19 ___, at 10:30 o'clock in the forenoon

To: _____

United States Attorney,

Attorney for _____

for _____

_____
Attorney

---

**SIR:**

**PLEASE TAKE NOTICE** that the within is a
true copy of _____ duly entered herein
on the _____ day of ____
_____ in the office of the Clerk of
the Eastern District of New York.

Dated: Brooklyn, New York
_____, 19 ___

To: _____

United States Attorney,

Attorney for _____

_____

AO 440 (Rev. 7/90) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF _____

UNITED STATES OF AMERICA

PLAINTIFF,

V.

ROBERTO DURAN SAMANIEGO,
LUIS GONZALEZ-BAEZ,

DEFENDANTS.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 99-CV- 102

# CV 99 102

## TRAGER, J.

## AZRACK, M.

TO: (Name and Address of Defendant)
ROBERTO DURAN SAMANIEGO
C/O
ANTONIO GONZALEZ, ESQ.
10724 SW 59 TERRACE
MIAMI, FLORIDA 33173

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

ZACHARY W. CARTER
UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF NEW YORK
ATTN: I. CHARLES MCCULLOUGH, SPECIAL ASSISTANT UNITED STATES
ATTORNEY, ONE PIERREPONT PLAZA, 14TH FLOOR, BROOKLYN
NEW YORK, 11201

an answer to the complaint which is herewith served upon you, within ____20____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

ROBERT C. HEINEMANN

_____
CLERK

_____
BY DEPUTY CLERK

JAN 0 6 1999
_____
DATE

## CERTIFICATE OF SERVICE

I. Charles McCullough, hereby certifies and states as follows:

That on the 6th day of January, 1999, I caused to be mailed the following:

## SUMMONS AND COMPLAINT

contained in a securely-closed postpaid envelope directed to the person(s) at the place(s) and address(es) as follows:

**ROBERTO DURAN C/O
ANTONIO GONZALEZ, ESQ.
10724 SW 59 TERRACE
Miami, Fla. 33173**

The undersigned certifies under penalty of perjury that the foregoing statements are true.

Dated:   Brooklyn, New York
         January 6, 1999

I. CHARLES MCCULLOUGH
SPECIAL ASSISTANT
UNITED STATES ATTORNEY
(718) 254-6069

AO 440 (Rev 1/9   Summons in a Civil Action

# United States District Court

———————————— DISTRICT OF ———————————

UNITED STATES OF AMERICA

        PLAINTIFF,

           V.

ROBERTO DURAN SAMANIEGO,
LUIS GONZALEZ-BAEZ,

        DEFENTDANTS.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 99-CV-

# CV 99 102

TO: (Name and Address of Defendant)

LUIS GONZALEZ-BAEZ
C/O
JESUS NOVO, III, ESQ.
1110 BRICKELL AVENUE, SUITE 407
MIAMI, FLORIDA 33131

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

ZACHARY W. CARTER
UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF NEW YORK
ATTN:  I. CHARLES MCCULLOUGH, SPECIAL ASSISTANT UNITED STATES
      ATTORNEY, ONE PIERREPONT PLAZA, 14TH FLOOR, BROOKLYN
      NEW YORK, 11201

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

JAN 06 1999

**ROBERT C. HEINEMANN**

CLERK

BY DEPUTY CLERK

DATE

## CERTIFICATE OF SERVICE

I. Charles McCullough, hereby certifies and states as follows:

That on the 6th day of January, 1999, I caused to be mailed the following:

## SUMMONS AND COMPLAINT

contained in a securely-closed postpaid envelope directed to the person(s) at the place(s) and address(es) as follows:

**LUIS GONZALEZ-BAEZ**
**C/O**
**JESUS NOVO III, ESQ.**
**1110 BRICKELL AVENUE**
**SUITE 407**
**MIAMI, FLA  33131**
**(305) 358-0770**

The undersigned certifies under penalty of perjury that the foregoing statements are true.

Dated:   Brooklyn, New York
January 6, 1999

I. CHARLES MCCULLOUGH
SPECIAL ASSISTANT
UNITED STATES ATTORNEY
(718) 254-6069

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

    -against-

ROBERTO DURAN SAMANIEGO,

                Defendant.
------------------------------------X

O R D E R

CV-99-0102  (DGT)

    An initial conference will be held in the above-captioned case on May 12, 1999, at 10:15 A.M., before the Honorable Joan M. Azrack, United States Magistrate Judge, in Room 340 at 225 Cadman Plaza East, Brooklyn, New York.   In the event the complaint is answered before the above date and you would prefer a conference sooner, or if this case becomes eligible for Arbitration,  please contact Magistrate Azrack's chambers at 718-260-2530.  All counsel must be present.

    <u>Plaintiff's counsel is requested to confirm with defendant's counsel that all necessary participants are aware of this conference</u>.  No request for adjournment will be considered unless made at least forty-eight (48) hours before the scheduled conference.

    SO ORDERED.

Dated:  Brooklyn, New York
       January 27, 1999

_____
    JOAN M. AZRACK
    UNITED STATES MAGISTRATE JUDGE



### ANTONIO S. GONZALEZ
ATTORNEY AT LAW
10724 S.W. 59 Terrace
Miami, Florida 33173
(305) 598 - 3218

May 6, 1999

Honorable Joan M. Azrack
U.S. Magistrate Judge
**Attn. Louise**
225 Cadman Plaza East
Brooklyn, N.Y.  11201

  **Re:** **United States of America v. Luis Gonzalez-Baez and Roberto Duran Samaniego**
    **CV-99-102**

Dear Louise:

Enclosed please find a copy of the letter mailed today to AUSA, McCullough.   This letter will serve
to confirm our conversation wherein we adjourned  the initial conference to be held on May 12.  You
provided me with a new date for  Thursday, June 24, 1999 at 10:30 a.m.

If you have any other questions, please feel free to contact my office.

Sincerely,

**Antonio S. Gonzalez, Esq.**

/ASG



# ANTONIO S. GONZALEZ
ATTORNEY AT LAW
10724 S.W. 59 Terrace
Miami, Florida 33173
(305) 598 - 3218

May 6, 1999

**I. Charles McCullough**
Special Assistant U.S. Attorney
147 Pierrepont Street
Brooklyn, N.Y.

> Re:   **United States of America v. Luis Gonzalez-Baez and Roberto Duran Samaniego
> CV-99-102**

Dear Mr. McCullough:

This letter will serve to confirm my conversation with Louise of U.S. Magistrate Judge Azrack's office wherein we adjourned the initial conference to be held on May 12. Louise has reset the conference for Thursday, June 24, 1999 at 10:30 a.m.

If you have any inconveniences with said date, please advise me so that we may set up another date with Louise. If you have ny other questions, please feel free to contact my office.

Sincerely,

**Antonio S. Gonzalez, Esq.**

/ASG

cc:    Louise from Magistrate Judge Azrack's Office

JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE

TIME ___2:45 P.M.___

DATE ___JUNE 24, 1999___

DOCKET NO. _CV-99-0102 (DGT)_    CASE _U.S.A. V. DURAN SAMANIEO_

_____ INITIAL CONFERENCE       _____ DISCOVERY CONFERENCE

_____ SETTLEMENT CONFERENCE    _____OTHER/STATUS CONFERENCE

_____ FINAL/PRE-TRIAL CONFERENCE _____CONFERENCE BY TELEPHONE

MANDATORY DISCLOSURE DUE DATE _____

FOR PLAINTIFF:_____ TELEPHONE # _____

FOR DEFENDANT:_____ TELEPHONE # _____

FOR DEFENDANT:_____ TELEPHONE # _____

FOR DEFENDANT:_____ TELEPHONE # _____

FOR DEFENDANT:_____ TELEPHONE # _____

FOR DEFENDANT:_____ TELEPHONE # _____

_____ DISCOVERY TO BE COMPLETED BY _____

_____ NEXT CONFERENCE SCHEDULED FOR_____

_____ PRE-TRIAL ORDER TO BE SUBMITTED TO CLERK'S OFFICE BY

PLAINTIFF:_____    DEFENDANT:_____

THE FOLLOWING RULINGS WERE MADE:  PLEASE TYPE THE FOLLOWING ON THE
                                  DOCKET SHEET

Conf adj TO July 22, 1999

JOAN M. AZRACK                          TIME: ___ 10:00 A.M. ___
UNITED STATES MAGISTRATE JUDGE          DATE: ___ JULY 22, 1999 ___

DOCKET NO. __ CV-99-0102 (DGT) __       CASE: __ USA vs SAMANIEGO __

_____  INITIAL CONFERENCE            _____ DISCOVERY CONFERENCE

_____  SETTLEMENT CONFERENCE         _____ OTHER/STATUS CONFERENCE

_____  FINAL/PRE-TRIAL CONFERENCE    _____ CONFERENCE BY TELEPHONE

MANDATORY DISCLOSURE DUE DATE  _____

APPEARANCES:

FOR PLAINTIFF: _David Gledberg_   TELEPHONE # _____

FOR DEFENDANT: _____   TELEPHONE # _____

FOR DEFENDANT: _____   TELEPHONE # _____

FOR DEFENDANT: _____   TELEPHONE # _____

FOR DEFENDANT: _____   TELEPHONE # _____

_____  DISCOVERY TO BE COMPLETED BY  _____

_____  NEXT CONFERENCE SCHEDULED FOR  _____

_____  PRE-TRIAL ORDER TO BE SUBMITTED TO CLERK'S OFFICE BY

PLAINTIFF: _____    DEFENDANT: _____

<u>PLEASE TYPE THE FOLLOWING ON THE DOCKET SHEET</u>
THE FOLLOWING RULINGS WERE MADE:

*Adj to Sept 9, 1999*
*at 2:30.*



JOAN M. AZRACK                          TIME: _3/00_____
UNITED STATES MAGISTRATE JUDGE          DATE: _9-8-99_____

DOCKET NO. _CV-99-0102 (DGT)_           CASE: _USA v Roberto Duran Samaniego_

_____ INITIAL CONFERENCE          _____ DISCOVERY CONFERENCE

_____ SETTLEMENT CONFERENCE       _____ OTHER/STATUS CONFERENCE

_____ FINAL/PRE-TRIAL CONFERENCE  _____ CONFERENCE BY TELEPHONE

MANDATORY DISCLOSURE DUE DATE  _____

APPEARANCES:

FOR PLAINTIFF: _David Goldberg_____ TELEPHONE # _____

FOR DEFENDANT: _Antonio Gonzales_____ TELEPHONE # _____

FOR DEFENDANT: _Jesus Novo_____ TELEPHONE # _____

FOR DEFENDANT: _____ TELEPHONE # _____

FOR DEFENDANT: _____ TELEPHONE # _____

_____ DISCOVERY TO BE COMPLETED BY  _____

_____ NEXT CONFERENCE SCHEDULED FOR  _____

_____ PRE-TRIAL ORDER TO BE SUBMITTED TO CLERK'S OFFICE BY

PLAINTIFF: _____    DEFENDANT: _____

PLEASE TYPE THE FOLLOWING ON THE DOCKET SHEET
THE FOLLOWING RULINGS WERE MADE:

_Plties submitted ing_
_stip to transfer venue to_
_Florida. To be submitted_
_w/in 30 day s_



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

IMA:DG:gn

One Pierrepont Plaza
Brooklyn, New York  11201

Mailing Address:   147 Pierrepont Street
Brooklyn, New York  11201

November 2, 1999

**BY HAND DELIVERY**

Honorable Joan M. Azrack
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Duran, et al.,
      <u>99-CV-0102 (E.D.N.Y.) (Trager, J.)</u>

Dear Judge Azrack:

This action, commenced under Rule 22 of the Federal Rules of Civil Procedure, seeks adjudication by the Court of the competing claims of defendants Roberto Duran Sanmiego and Luis Gonzalez Baez to certain property currently in possession of the Clerk of the Court. Defendants have requested a transfer of this action to the United States District Court for the Southern District of Florida for the convenience of the parties, and have prepared the enclosed "Agreed Motion" and proposed Order, for the Court's consideration.

The Government has no objection to a transfer, and respectfully submits that a transfer may be ordered by the Court pursuant to 28 U.S.C. § 1404(a), insofar as we have been advised that at least one defendant resides in the Southern District of Florida. <u>See</u> 28 U.S.C. § 1397 (governing venue in interpleader actions).

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   DAVID L. GOLDBERG
      Assistant U.S. Attorney
      (718) 254-6055/7000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------X
UNITED STATES OF AMERICA,

       Plaintiff;               CV-99-0102 (DGT)

       vs.

ROBERTO DURAN SAMANIEGO,        <u>AGREED MOTION</u>
LUIS GONZALEZ BAEZ

       Defendants.
-----------------------------X

    The Defendants Roberto Duran Samaniego and Luis Gonzalez Baez,

and the Plaintiff United States of America, through counsel, agree

to change venue of this case from the Eastern District of New York

to the Southern District of Florida.

Respectfully submitted:

Jesus Novo III, Esq.
Counsel for Luis Gonzalez Baez
1110 Brickell Avenue
Suite 407
Miami, Florida 33131
(305) 358-0770

Antonio Gonzalez, Esq.
Counsel for Roberto Duran Samaniego
~~799 Brickell Plaza~~  6352 SW 112 place
~~Suite 603~~
~~Miami, Florida 33131~~  Miami   FL   33173
(305) 358-8300

David Goldberg
Counsel for The United States of America
U.S. Attorney's Office
One Pierrepont Plaza
14th Floor
Brooklyn, New York 11201

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------X
UNITED STATES OF AMERICA,

      Plaintiff;             CV-99-0102 (DGT)

      vs.

ROBERTO DURAN SAMANIEGO,        ORDER
LUIS GONZALEZ BAEZ

      Defendants.
--------------------------------X

    Upon the agreed motion of the Plaintiff United States of America, and the Defendants Roberto Duran Samaniego and Luis Gonzalez Baez,

    IT IS HEREBY ORDERED that venue for the present case be changed and the case be transferred from the Eastern District of New York to the Southern District of Florida.

Dated: Brooklyn NY
      Nov 3, 1999

                      _____
                      HONORABLE JOAN M. AZRACK
                      UNITED STATES MAGISTRATE

2

Encls.

cc:    Jesus Novo, Esq. (w/encls.)
        Antonio Gonzalez, Esq. (w/encls.)

# 99-3257
# CIV-HOEVELER

U.S. District Court
New York Eastern (Brooklyn)

CLOSED
MAGISTRATE JUDGE
DUBÉ

CIVIL DOCKET FOR CASE #: 99-CV-102

United States of v. Samaniego, et al                          Filed: 01/06/99
Assigned to: Judge David G. Trager
                Referred to: Magistrate Joan M. Azrack
Demand: $0,000                              Nature of Suit:  890
Lead Docket: None                           Jurisdiction: US Plaintiff
Dkt# in other court: None

Cause: 28:1335 Interpleader Action


UNITED STATES OF AMERICA          I. Charles McCullough
     plaintiff                    (718) 254-6069
                                  [COR LD NTC]
                                  United States Attorney's
                                  Office/Eastern District of N
                                  York
                                  One POierrepont Plaza
                                  11th Floor
                                  Brooklyn, NY 11201
                                  (718) 254-6069


     v.


ROBERTO DURAN SAMANIEGO
     defendant


LUIS GONZALEZ-BAEZ
     defendant



Docket as of November 19, 1999 2:12 pm                  Page 1

```
Proceedings include all events.
1:99cv102      United States of v. Samaniego, et al                CLOSED

1/6/99    1    COMPLAINT filed and summons(es) issued  for Roberto Duran
               Samaniego, Luis Gonzalez-Baez (ac) [EOD 01/07/99]

1/8/99    2    RETURN OF SERVICE executed as to Luis Gonzalez-Baez on
               1/6/99. (rg) [EOD 01/15/99]

1/8/99    3    RETURN OF SERVICE executed as to Luis Gonzalez-Baez on
               1/6/99. (rg) [EOD 01/15/99]

1/28/99   4    ORDER dated 1/27/99 that an initial conference will be held
               on 5/12/99 at 10:15AM before Magistrate Azrack.  CM (signed
               by Magistrate Joan M. Azrack). (lg) [EOD 01/28/99]

5/20/99   5    LETTER dated 5/6/99 from Antonio S. Gonzalez, Esq. to
               Magistrate Azrack enclosing copy of a letter of AUSA
               McCullough to confirm the adjournment of the initial
               conference on 6/24/99 at 10:30. (rg) [EOD 05/20/99]

6/24/99   6    Calendar entry: 6/24/99 conference before Magistrate Azrack
               is ADJOURNED to 7/22/99. (rg) [EOD 07/01/99]

7/22/99   7    Calendar entry: Conference on 7/22/99 before Magistrate
               Azrack is adjourned to 9/9/99 at 2:30. (rg) [EOD 07/29/99]

9/8/99    8    Calendar entry: Case called on 9/8/99 for Conference before
               Mag. Azrack.  Counsel for the parties present.   RULINGS:
               Parties submitting a stipulation  to transfer venue  to
               Florida, to be submittted within 30 days. (clp)
               [EOD 09/10/99]

11/2/99   9    LETTER dated 11/2/99 from AUSA David L. Goldberg to
               Magistrate Azrack that the government has no objection to a
               transfer to the Southern District of Florida. (rg)
               [EOD 11/08/99]

11/8/99   10   Agreed motion that the parties agree to change venue of
               this case to the Southern District of Florida. (rg)
               [EOD 11/08/99]

11/8/99   11   ORDER, dated 11/3/99 transferring case to the Southern
               District of Florida. ( signed by Magistrate Joan M. Azrack,
               on 11/3/99) (rg) [EOD 11/08/99]

11/19/99  --   Case transferred to the Southern District of Florida,
               certified copy of docket sheet, order and entire file. (rg)
               [EOD 11/19/99]

11/19/99  --   Case closed. (rg) [EOD 11/19/99]
```